## **POST-PETITION CHAPTER 7 RETAINER AGREEMENT**
Karen Lavery  (Re: Case # 15-34131)

The undersigned previously retained an attorney to file a Chapter 7 Bankruptcy petition and/or schedules and to provide pre-petition services. The undersigned now agrees to retain the law firm of David M. Siegel & Associates (hereinafter "Siegel") to perform the following contemplated post-petition legal services and agrees to pay a non-refundable attorney's fee in the amount of $1,000.00, payable in installments. The undersigned has reviewed the documents and has authorized Siegel to perform any necessary post-petition services. The contemplated post-petition legal services to be rendered are preparing and mailing notices of the automatic stay to all creditors and debtor's employer, if necessary; negotiating reaffirmation agreements when appropriate and requested by the undersigned; preparing motions to set aside personal property liens pursuant to 11 U.S.C. 522(f)(2) or judicial liens pursuant to 11 U.S.C. (f)(1), however these motions are to be included in the contemplated services to be rendered only if liens are disclosed to Siegel prior to the signing of this agreement; if disclosed subsequent to the signing of this agreement, said services will be considered as additional services and a separate fee agreement will be entered into between the parties, provided the undersigned wishes to retain Siegel to perform said services. Further services contemplated by this agreement are, when appropriate, stopping wage deduction orders, garnishments, citations, sending notices to utilities to avoid shutoff or to reinstate service, sending notice to the Secretary of State to stop suspension of driving privileges because of lack of liability insurance coverage and obtaining the discharge order when entered by the court. Any valuations as to personal property or real estate that the debtor may have an interest are the debtor's best estimate as to liquidation value and attorney has made no independent inquiry, valuation or appraisal.

Services not contemplated by this retainer agreement are amendments to schedules, including omitted creditors, continued meetings of creditors due to debtor's failure or inability to appear, reinstatement of dismissed cases, conversion from Chapter 7 to Chapter 13, and adversary proceedings to determine dischargeability of a debt, or objections to discharge, bankruptcy abuse or bankruptcy fraud, services to obtain release of transcripts requiring a court appearance or any action for stay violations, preference actions, fraudulent conveyance actions or redemption, or any state court proceedings. If a court appearance and court order is necessary in order to obtain the release of funds withheld pursuant to garnishment, wage deduction or citation, client agrees that the funds can be released to Siegel and be applied against any balance due for attorney's fees. If there is no balance due for attorney's fees, the undersigned agrees to pay Siegel a reasonable amount for the services to be rendered and said services will not be considered as part of this retainer agreement.

The undersigned retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are only for services specifically itemized. The undersigned understands that attorney's fees are payable whether the undersigned obtains a discharge or not from the debts listed and whether the case is dismissed or converted to another Chapter. In the event that the undersigned fails to pay any balance due under this agreement, the undersigned agrees to remain liable on the entire balance due as well as reasonable attorney's fees and costs for collection pursuant to this agreement. The undersigned acknowledges receiving a copy of this agreement.

X _____    X _____    2/13/18
Client: Karen Lavery                                            David M. Siegel & Associates       Date